IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

FEDERAL HOME LOAN MORTGAGE           *
CORPORATION,
                                     *
    Plaintiff,
                                     *
vs.                                              CASE NO. 4:13-CV-5 (CDL)
                                     *
PAULA LUNSFORD,
                                     *
    Defendant.
                                     *

O R D E R

Defendant's motion for reconsideration (ECF No. 7) is granted, the Court's previous order to remand (Text Order, Feb. 1, 2013) is vacated, and Plaintiff's Motion to Remand (ECF No. 4) is denied. The Court is persuaded by the rationale of *Federal Home Loan Mortgage Corp. v. Matassino,* __ F. Supp. 2d __, No. 1:11-CV-3895-CAP, 2012 WL 6622607 (N.D. Ga. Dec. 3, 2012) (Pannell, J.), and the Court adopts this rationale as its own.[1]

---

[1] When the Court first made its expedited ruling granting Plaintiff's motion to remand, the Court was unaware of Judge Pannell's decision and did not fully appreciate Defendant's basis for subject matter jurisdiction. It was only through the Court's independent research that this recent and relevant decision came to light. It is understandable that the *pro se* Defendant may not have been able to locate this ruling, but it is inexcusable that Plaintiff's counsel, as an officer of the Court with a duty of candor to the tribunal, failed to disclose it to the Court, particularly given the fact that Plaintiff was a party to that case, the ruling addressed the very same issues presented here, and Judge Pannell unequivocally rejected the same arguments Plaintiff's counsel makes to this Court. While Judge Pannell's ruling is certainly not binding precedent and reasonable

The parties shall appear on March 1, 2013 at 9:00 A.M. at the United States Courthouse in Columbus, Georgia before the undersigned for a trial on the merits, at which time Plaintiff shall have an opportunity to demonstrate why it is entitled to immediate possession of the property in question and Defendant shall have an opportunity to show why she should not be required to vacate the premises immediately.

IT IS SO ORDERED, this 15th day of February, 2013.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

jurists may differ as to whether this decision reaches the right result, the Court cannot conceive of any legitimate reason excusing an officer of the Court from making the Court aware of the ruling.